```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

EILEEN CARRY,                    )
                                 )
        Plaintiff                )
                                 )         No. 3:11-0446
v.                               )         Judge Campbell/Brown
                                 )
DEBRA GONZALEZ, M.D. and         )
DOES 1-20,                       )
                                 )
        Defendants               )

**TO: THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed against the remaining Defendant, Debra Gonzalez.

## BACKGROUND

The Plaintiff filed this litigation May 11, 2011.

At the time the matter was referred to the undersigned, an order was entered pointing out that the Plaintiff had filed two earlier suits against at least some of the same Defendants, and both those cases were dismissed on summary judgment (Docket Entry 4). The Plaintiff was cautioned that violations of Federal Rule of Civil Procedure 11(b) could result in sanctions, either by the Defendant, by the Court after notice of Federal Rule of Civil Procedure 11(c). The complaint states that the suit arises from an incident in 2005 when the Defendant, roughly and with maliciously intent, violated the Plaintiff's constitutional rights, civil

rights, state privacy rights, breach of contract, breach of implied contract, breach of public trust, violation of privacy rights through disclosure of privileged information, invasion of privacy through disclosure of Plaintiff's sexual orientation with intent to cause harm, sexual discrimination, and through the intentional breaches made knowingly false statements and criminal accusations against the Plaintiff to the law enforcement and others.

The complaint then goes into considerable detail concerning the Plaintiff's allegations involving the Defendant Gonzalez and others. The only part of the complaint that seems to have any allegations beyond 2005 is an allegation on the last page of the complaint that an individual purporting to be the husband of Dr. Gonzalez sent her an email on August 10, 2009, where he stated, "I would like to talk to you about Debra Gonzalez. If you don't want to, I understand. If you do, call me at . . . 7524 [cell phone], or simply emal (sic) me, Thanks. Dan."

There are two earlier cases by the Plaintiff against Gonzalez, Cases 3:06-0157 and 3:06-0466, The 3:06-0157 case named Gonzalez as the sole defendant. The gist of this complaint was that Dr. Gonzalez made false statements in 2005 to various individuals, including an Assistant District Attorneys, that the Plaintiff had committed criminal acts. Dr. Gonzalez filed a motion for summary judgment, the Magistrate Judge's recommendation that the motion be granted was approved, and the claims in the matter

2

were dismissed with prejudice on October 18, 2006 (Docket Entry 20).

The 3:06-0466 case was against Dr. Gonzalez and Does 1 through 10. No service of process was ever obtained on any of the Does. The complaint itself alleges violation of the Plaintiff's civil rights in that Defendant Gonzales disclosed confidential information to her husband, members of law enforcement, and unknown others, and that the Defendant made false statements concerning the facts of the meeting between the Defendant and Plaintiff on May 10, 2005, and that Defendant disclosed certain confidential information about the Plaintiff to others. Plaintiff alleges that the Defendant then secured a criminal complaint against her in May 2005 and that as a result she was arrested in May 2005.

This case was dismissed on the grounds cited by the Defendant in the memorandum in support of the motion for summary judgment (Docket Entry 19) on January 25, 2007.

**LEGAL DISCUSSION**

The Defendant filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 56. As of the date of this report and recommendation the Plaintiff has made no response to the motion in the time allotted.

Accordingly, the Magistrate Judge will accept the Defendant's statement of material facts as to which she contends there is no genuine issue (Docket Entry 16).

3

Even though the motion is unopposed, the Magistrate Judge must review the matter to determine whether it has merit. In reviewing the Plaintiff's complaint the Magistrate Judge will draw all necessary inferences that are favorable to the Plaintiff, and will accept as true all well-pled facts. The Court is not required to accept pure legal conclusions. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). The motion for summary judgment should be granted only, if after considering the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in her favor, the evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

The Defendant's memorandum in support of the motion to dismiss and for summary judgment (Docket Entry 15) is well-written and correctly summarizes the law and facts in this case.

As an initial matter, the Magistrate Judge cannot find any portion of the Plaintiff's claims that occurred within the past six years. T.C.A. § 28-3-109(a)(3) provides a six-year statute of limitations as to action on contracts not otherwise expressly provided for. The vast majority of the Plaintiff's claims fall under the T.C.A. § 28-3-104 for injuries to the person which must occur within one year after the cause of action. Thus, the Magistrate Judge believes that the Defendant is entitled to dismissal of all of her claims under statute of limitation grounds.

Even if we would assume that the 2009 telephone call constituted some cause of action it would not be within the one year for injury to the person, and certainly there is nothing in the email from the Defendant's husband to the Plaintiff that constitutes a contract of any nature.

Additionally, the Defendant points out that the doctrine of *res adjudicata* operates to bar the Plaintiff's claim. Again, the Magistrate Judge agrees with the Defendant that there is nothing in this complaint that was not or could not have been brought in the two earlier suits. Plaintiff had the opportunity in her two previous lawsuits to fully litigate these claims.

Likewise, the Plaintiff is barred by the doctrine of collateral estoppel from relitigating facts that were determined against her in the two earlier cases.

Accordingly, the Magistrate Judge recommends that this case be DISMISSED with prejudice. Additionally, the Magistrate Judge would recommend that Rule 11 sanctions be considered against Plaintiff should she file any more litigation in this court concerning the 2005 matter.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's claims be **DISMISSED** on the statute of limitations grounds, collateral estoppel and *res adjudicata*, and Rule 11 sanctions be considered if Plaintiff attempts to file any additional litigation about the 2005 matters.

5

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 7th day of November, 2011.

/s/ JOE B. BROWN
JOE B. BROWN
United States Magistrate Judge

6

Case 3:11-cv-00446   Document 19   Filed 11/07/11   Page 6 of 6 PageID #: 106